

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00075-CV

---

MARGARET HOSSEINI BROWDER, APPELLANT

V.

ARMANDO MENDES, JOSUE SANTIAGO, AND
WE CARE WILDLIFE SANCTUARY, APPELLEES

---

On Appeal from the 198th Judicial District Court
Bandera County, Texas
Trial Court No. CVOC-20-0000101, Honorable Dennis Powell, Presiding

---

April 17, 2024

ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Margaret Hosseini Browder, appeals from the trial court's judgment.[1] The reporter's record was originally due March 4, 2024.  On March 8, 2024, Ms. Pam L. Marcinik, one of two reporters for the underlying proceedings, filed eleven of the fifteen volumes of the reporter's record.  Ms. Micha Gentry was the reporter for the remaining

---

[1] Originally appealed to the Fourth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  See TEX. GOV'T CODE ANN. § 73.001.

four volumes. By letter of March 22, 2024, we notified Ms. Gentry that the complete reporter's record was overdue and directed her to advise this Court of the status of the record by April 1, 2024. To date, however, Ms. Gentry has not filed the complete reporter's record or had any further communication with this Court.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed). On remand, the trial court shall determine the following:

(1)     what tasks remain to complete the filing of the reporter's record;

(2)     why the reporter has not completed the necessary tasks;

(3)     what amount of time is reasonably necessary for the completion of those tasks; and

(4)     whether the reporter can complete the tasks within the time the trial court finds reasonable.

Should the trial court determine that the reporter will require more than thirty days to complete, certify, and file the complete reporter's record, it shall arrange for a substitute reporter to do so. The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental clerk's record and cause that record to be filed with this Court by May 17, 2024.

Should Ms. Gentry file the complete reporter's record on or before May 1, 2024, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.